**FILED**

__ O'clock & ___ min ___ M

SEP 21 2010

United States Bankruptcy Court
Columbia, South Carolina (25)

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

**ENTERED**

Carl R. Turner,

SEP 2 1 2010

Debtor(s).

**K.E.P.**

C/A No. 10-03358-JW

Chapter 13

**ORDER**

This matter comes before the Court on the Objection to Confirmation of Chapter 13 Plan and Related Motions filed by CitiFinancial, Inc. ("Objection"). Pursuant to Fed. R. Civ. P. 52, which is made applicable to this contested matter by Fed. R. Bankr. P. 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.[1]

## FINDINGS OF FACT

1.      Carl R. Turner ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 9, 2010.

2.      CitiFinancial, Inc. ("CitiFinancial") asserts that it is a secured creditor of Debtor, by virtue of its second mortgage on certain real property owned by Debtor located at 858 Perry Blvd., Sumter, South Carolina 29154 (the "Property").

3.      Debtor's Schedule D lists CitiFinancial as a secured creditor by virtue of its second mortgage on the Property, but indicates that its entire claim of $14,467.00 is unsecured. The Property is listed in the Schedules as having a value of $61,017.00, with a first mortgage in the amount of $67,834.51.

---

[1]      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

4.      On May 9, 2010, Debtor filed a chapter 13 plan ("Plan"). The Plan was based upon the form chapter 13 plan used in this District.   The Plan contained a motion to value CitiFinancial's claim at $0 since there was no equity in the property beyond the balance due under the first mortgage.

5.      The Plan was served on CitiFinancial, and the validity of such service is not in dispute. The Plan provided CitiFinancial with twenty-eight days from the date the Plan was filed to file an objection.

6.      On May 27, 2010, CitiFinancial filed a proof of claim indicating that it holds a secured claim in the amount of $14,954.00.

7.      CitiFinancial did not file an objection to the Plan within the time period prescribed by the Plan and the Local Rules.

8.      On July 12, 2010, Debtor filed an Amended Chapter 13 Plan ("Amended Plan").  The Amended Plan did not alter the treatment of CitiFinancial's claim.

9.      CitiFinancial filed the Objection on August 4, 2010.

## CONCLUSIONS OF LAW

CitiFinancial asserts that the value of the Property is $75,000 and therefore, its second mortgage should be included and paid in full through Debtor's plan. CitiFinancial indicates that it recently obtained an appraisal that shows a value higher than alleged by Debtor.  Debtor argues that CitiFinancial should be barred from raising the Objection to the Amended Plan because it failed to timely object to the Plan.  The form chapter 13 plan in this District specifically states that "[f]ailure to object may constitute an implied acceptance of and consent to the relief requested in the document." Absent a violation of the creditor's right to due process, late objections are generally overruled.   In re

Washington, C/A No. 05-14835-JW, slip op. at 3 (Bankr. D.S.C. Apr. 27, 2006); In re

Dangerfield, C/A No. 04-13686-W, slip op. at. 3 (Bankr. D.S.C. Aug. 23, 2005). "The

fact that a creditor objects to its treatment under an amended plan does not excuse the

creditor from failing to object to the initial plan if the treatment of the creditor is not

changed by the amended plan." Id. (citing In re Thomas, C/A No. 96-79381-W, slip op.

at 7 (Bankr. D.S.C. July 11, 2001); In re Dangerfield, C/A No. 04-13868-W, slip op. at 3

(Bankr. D.S.C. Aug. 23, 2005)).

    CitiFinancial's Objection is untimely as it was filed nearly sixty days after the

deadline for objections expired. Since CitiFinancial was properly served with the Plan,

CitiFinancial's failure to object to the Plan constitutes acceptance of its treatment under

that Plan. See Dangerfield, C/A No. 04-13868-W, slip op. at 3.  Because the Amended

Plan does not alter that treatment, CitiFinancial is precluded from objecting to it. See 11

U.S.C. § 1323(c)(3) ("Any holder of a secured claim that has accepted or rejected the

plan is deemed to have accepted or rejected, as the case may be, the plan as modified,

unless the modification provides for a change in the rights of such holder from what such

rights were under the plan before modification, and such holder changes such holder's

previous acceptance or rejection.")  Therefore, it is hereby

    ORDERED that CitiFinancial's Objection is overruled.   After considering this

ruling, the Chapter 13 Trustee shall submit an appropriate order regarding confirmation

of the Amended Plan.

    **AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
September 21, 2010